ERIC P. ISRAEL (State Bar No. 132426)
eisrael@dgdk.com
MICHAEL G. D'ALBA (State Bar No. 264403)
mdalba@dgdk.com
DANNING, GILL, DIAMOND & KOLLITZ, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Plaintiff Brad D. Krasnoff,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>CONCRETE SITEWORKS, INC.,<br><br>Debtor. | Case No. 2:19-bk-12026-BR<br><br>Chapter 7 |
| BRAD D. KRASNOFF, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>HARCROW CONSTRUCTION & MANAGEMENT INC., a California corporation,<br><br>Defendant. | Adv. No. 2:19-ap-<br><br>**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS**<br><br>Date:    SEE SUMMONS<br>Time:   SEE SUMMONS<br>Place:   SEE SUMMONS |

      Plaintiff Brad D. Krasnoff, the Chapter 7 trustee (the "Trustee" or "Plaintiff")) of the bankruptcy estate of Concrete Siteworks, Inc. (the "Debtor"), alleges as follows:

///

///

///

///

1558994.3  1912026A

1

## JURISDICTION AND CASE BACKGROUND

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This action is commenced pursuant to 11 U.S.C. §§ 547 and 550. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F), and (O). This action arises in and under a case under Chapter 7 of title 11 of the United States Code entitled In re Concrete Siteworks, Inc., which has been assigned number 2:19-bk-12026-BR and is pending in the United States Bankruptcy Court, Central District of California, Los Angeles Division (the "Bankruptcy Case").

## THE PARTIES

2. Plaintiff brings this action solely in his capacity as the Chapter 7 trustee for the Debtor's bankruptcy estate.

3. Plaintiff is informed and believes, and based thereon alleges, that Defendant Harcrow Construction & Management Inc. (the "Defendant") is a corporation formed under the laws of the State of California.

## GENERAL ALLEGATIONS

4. On or about February 26, 2019 (the "Petition Date"), Concrete Siteworks, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code (the "Code"), commencing bankruptcy case no. 2:19-bk-12026-BR.

5. Brad D. Krasnoff was subsequently appointed as the Chapter 7 trustee for the Debtor's bankruptcy estate and continues to serve in that capacity for the benefit of creditors.

6. By a check drawn on its account at JPMorgan Chase Bank, N.A. ending in "8207," dated January 25, 2019, and made payable to "Harcrow Construction & Management," the Debtor transferred the amount of $160,000 to the Defendant within ninety (90) days before the Petition Date (the "Subject Transfer").

## FIRST CLAIM FOR RELIEF

(For Avoidance and Recovery of Preferential Transfer)

7. Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 6, as though fully set forth herein.

///

1558994.3  1912026A

1

8. The Subject Transfer transferred an interest of the Debtor in property to the Defendant.

9. The Debtor made the Subject Transfer to or for the benefit of the Defendant as a creditor.

10. The Debtor made the Subject Transfer for or on account of an antecedent debt owed by the Debtor before the Subject Transfer was made.

11. Plaintiff is informed and believes, and based thereon alleges, that the Debtor was insolvent at the time of the Subject Transfer.

12. The Subject Transfers occurred within 90 days prior to the Petition Date.

13. Plaintiff is informed and believes, and based thereon alleges, that the Subject Transfer enabled the Defendant to receive more than it would have received in the Bankruptcy Case if the Subject Transfer had not been made.

14. Pursuant to § 547 of the Code, Plaintiff is entitled to avoid the Subject Transfer.

15. Pursuant to § 550 of the Code, Plaintiff may recover damages from the Defendant from the date of the Subject Transfer, according to proof, and in no event less than the amount of $160,000, plus interest thereon at the legal rate.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

**ON THE FIRST CLAIM FOR RELIEF:**

1. That the Subject Transfer be avoided;

2. That the Plaintiff recover damages according to proof, and in no event less than the amount of $160,000, plus interest thereon at the legal rate from the date of the Subject Transfer;

3. For costs of suit incurred herein; and

///
///
///
///
///
///

1558994.3  1912026A

2

1      4.      For such other and further relief as the Court deems just and proper.

3    DATED: October 23, 2019          DANNING, GILL, DIAMOND & KOLLITZ, LLP

By: *Michael G. D'Alba*
MICHAEL G. D'ALBA
Attorneys for Plaintiff Brad D. Krasnoff,
Chapter 7 Trustee

1558994.3  1912026A         3

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>BRAD D. KRASNOFF, Chapter 7 Trustee | **DEFENDANTS**<br>HARCROW CONSTRUCTION & MANAGEMENT, INC., a California corporation |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>DANNING, GILL, DIAMOND & KOLLITZ, LLP<br>1901 Avenue of the Stars, Suite 450, LOS ANGELES, CA 90067<br>310-277-0077 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>Plaintiff seeks to avoid and recover a transfer on the grounds that it was a preferential transfer under 11 U.S.C. Section 547 | |

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case    15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 160,000 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR CONCRETE SITEWORKS, INC. | BANKRUPTCY CASE NO. 2:19-bk-12026-BR |||
| DISTRICT IN WHICH CASE IS PENDING CENTRAL DISTRICT OF CALIFORNIA | DIVISION OFFICE LOS ANGELES DIVISION || NAME OF JUDGE BARRY RUSSELL |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) *[signature: Michael G. D'Alba]* ||||
| DATE OCTOBER 23, 2019 || PRINT NAME OF ATTORNEY (OR PLAINTIFF) MICHAEL G. D'ALBA ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.